UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

In Re the Application of:                                Case No. 3:16-cv-00385-AA

FABRICIO RAUL BENAVIDEZ,                                 OPINION AND ORDER

       Petitioner,

   and

EMILY ROSE CAMERON,

       Respondent.

AIKEN, Judge:

On March 1, 2016, petitioner Benavidez filed a Petition for Return of Children to Petitioner under the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 9001, et seq., and the provisions of the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (Convention).

According to the petition, Benavidez is a resident of Argentina and the father of two children, DGBC, now age 4, and YSBC, age 1. Benavidez asserts that he and respondent Cameron, the children's mother, resided together in Argentina until approximately late March of

1     - OPINION AND ORDER

2015. At that time, Cameron traveled with the children from Argentina to the United States, with an expected return date of April 10, 2015. On or about April 2, 2015, Cameron contacted Benavidez and informed him that she would not return the children to Argentina. Benavidez believes that Cameron and the children are currently in the State of Oregon.

Benavidez asserts that he has custody rights pursuant to Argentine law, and that he was exercising those rights when Cameron removed the children from Argentina. Benavidez alleges that Cameron wrongfully removed the children from Argentina, the children's habitual residence, and he seeks return of the children. At the time he filed the petition, Benavidez did not seek an order to show cause or other form of relief. Further, the court record does not reflect that Benavidez provided the original and service copies of the summons for service on respondent. In August 2015, the court ordered Benavidez to show cause why the action should not be dismissed for failure to serve Cameron with summons and the petition.

In response, Benavidez explained that he did not have knowledge of Cameron's whereabouts until June 2016 and that dismissal would prejudice him. Benavidez also filed a Motion for Order Ne Exeat, forbidding Cameron from removing the children from the State of Oregon, and a Motion for Order to Show Cause why the children should not be returned to Argentina. Benavidez represents that service of summons, the petition, and orders of the court (if issued) should be effectuated once the court resolves his motions.

I find that Benavidez presents sufficient evidence to warrant a show cause hearing. *See* docs. 12, 13. Accordingly, within seven (7) days from the date of this Order, petitioner shall:

1. Prepare summons with updated addresses (noted below) for respondent and submit it to the Clerk of Court for issuance;

2. Provide the original and service copies of the issued summons, the petition, the Motion for Order to Show Cause, and this Opinion and Order for service upon the respondent, to the Clerk of Court for service; and

3. Complete the U.S. Marshals Service Form (USM285) for defendant and submit it to the Clerk of Court. Summons forms and the USM285 forms may be obtained on request from the Clerk of Court's Office.

By separate order filed concurrently with this Opinion and Order, the court shall order the United States Marshal's Office to attempt personal service of the petition, summons, and relevant court orders on Emily Rose Cameron at the following addresses in Seaside and Astoria, Oregon:

711 16th Ave.
Seaside, OR 97138

714 Harrison Ave.
Astoria, OR 97103

*See* Fed. R. Civ. P. 4(c)(3) (allowing service by United States Marshal).

Further, Benavidez shall serve summons and the petition on Cameron by certified mail at the Seaside and Astoria addresses noted above and also by electronic mail, as Benavidez represents that he has been in electronic communication with Cameron. Benavidez shall provide proof of service by mail and by electronic mail within five days after such service. Benavidez shall inform the court immediately if he discovers another address at which Cameron may be served.

The court shall further order Cameron to appear before this court and shall prohibit Benavidez and Cameron from removing the children from the State of Oregon. At the initial hearing, the court will schedule a subsequent hearing to determine whether Benavidez is entitled to relief under the Convention and ICARA, and if so, whether the children should be returned to

3      - OPINION AND ORDER

Argentina for custody proceedings. According, petitioner's Motions for Order ne Exeat and to Show Cause (docs. 15, 17) are GRANTED to the extent noted.

IT IS SO ORDERED.

Dated this ⟨signature⟩ day of October, 2016.

Ann Aiken
United States District Judge

4    - OPINION AND ORDER